UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELO ROBINSON    :  | Case No.  C1-00-918 |
|     Petitioner,   : | |
|        : | Judge Beckwith |
| v.   : | Magistrate Judge Hogan |
|        : | |
| JAMES HAVILAND, WARDEN,   : | |
|     Respondent.   : | |

**RESPONDENT'S RESPONSE TO PETITIONER'S OBJECTIONS TO
REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now comes Respondent, pursuant to a show cause Order of this Court (Doc. 34), and files a response to Petitioner's objections to the Report and Recommendations of the Magistrate Judge. (Doc. 33). Respondent's response to Petitioner's objections is more fully set forth in the attached memorandum, as well as the law and argument previously filed in the answer and return of writ (Doc. 9), supplemental answer and return of writ (Doc. 21), and response to motion for reconsideration (Doc. 28), which are incorporated herein by reference.

Respectfully submitted,

JIM PETRO (0022096)
Ohio Attorney General

s/ BRUCE D. HORRIGAN
Bruce D. Horrigan (0047170)

Assistant Attorney General
Corrections Litigation Section
615 West Superior Avenue, 11th Floor
Cleveland, Ohio 44113-1899
bhorrigan@ag.state.oh.us
(216) 787-3030
(216) 787-3480 Fax

Counsel for Respondent
James Haviland, Warden

**M E M O R A N D U M**

On July 15, 2003, following review of the pleadings and state court record, Magistrate Judge Hogan issued a Report and Recommendation that the petition for writ of habeas corpus be denied with prejudice. (Doc. 31). Petitioner's objections to the Report and Recommendation of the Magistrate Judge amount to no more than an abbreviated restatement of the arguments originally presented in the petition for writ of habeas corpus and supplemental pleadings filed in this case. Respondent respectfully submits that the Magistrate Judge's recommendation to deny habeas relief is well reasoned and should be adopted by this Honorable Court.

    **A.**     **The Magistrate Judge properly determined that the state appellate court's conclusion, that there was sufficient evidence to support Petitioner's murder conviction, was neither contrary to nor involved an unreasonable application of the Supreme Court's clearly established standard in *Jackson* and was based on a reasonable determination of the facts in light of the record evidence. (Ground Two).**

As his second ground for relief, Petitioner claims that his conviction for murder was not supported by sufficient evidence because he was acting in self-defense and did not intend to kill the victim. (Doc. 1, Petition at p. 8). The state appellate court, being the only state court to issue a reasoned decision addressing the merits of this claim, concluded that there was sufficient evidence to support Petitioner's murder conviction, (Doc. 9,Exhibit 5 at pp. 9-10). Respondent submits that the Magistrate Judge properly concluded that the state appellate court's decision

was neither contrary to nor involved an unreasonable application of the Supreme Court's clearly established standard in *Jackson* and was based on a reasonable determination of the facts in light of the record evidence.

In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the government, and every reasonable inference from the evidence presented must be drawn in favor of the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On federal habeas corpus review, the same standard of review for the sufficiency of the evidence applies as on direct appeal. *Mikes v. Borg*, 947 F.2d 353, 356 n.5 (9th Cir. 1991). In other words, the petitioner is entitled to relief only if it is found "that upon the record of evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson,* 443 U.S. at 324.

Before the state courts, any conflicting inferences arising from the record, including issues of credibility, must be resolved in favor of the state. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983). However, on habeas review, the District Court cannot weigh the credibility of the witnesses. *Walker v. Engle*, 703 F.2d at 970. Nor is the habeas court permitted to overturn a conviction merely because it would have acquitted had it acted as the finder of fact. *Brown v. Davis*, 752 F.2d 1142, 1147 (6th Cir. 1985); *Walker,* 703 F.2d at 969. In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence and the credibility of the witnesses. *Jackson*, 443 U.S. at 319; *Walker v. Engle*, 703 F.2d at 969.

To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in a light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992)(citing *Jackson*, at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson*, at 326). On federal habeas review, there is "no requirement that all other interpretations of the evidence except guilt of the defendant be ruled out." *Delk v. Atkinson*, 665 F.2d 90, 100 (6th Cir. 1981); also see, *Scott v. Perini*, 662 F.2d 428, 431 (6th Cir. 1981), *cert. denied*, 456 U.S. 909 (1982). "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson*, at 326).

The state appellate court decided Petitioner's sufficiency claim without an extended discussion of the standard of review set forth in *Jackson v. Virginia*. In such cases, the Sixth Circuit has held that the federal habeas court is obligated to conduct an independent review of the record and applicable law to determine if the state court decision is: (1) contrary to federal law or an unreasonable application of clearly established federal law; or (2) based upon an unreasonable determination of facts, in light of the evidence presented. Otherwise, the federal habeas court must uphold the state appellate court's summary decision. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 121 S.Ct. 1415 (2001); *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).

That independent review, however, is not a full *de novo* review of the claim, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping

4

with the strictures of the AEDPA. *Harris v. Stovall*, 212 F.3d at 943. The Sixth Circuit has held that even cursory treatment of a federal claim is an adjudication on the merits, which is entitled to *deferential review* under 2254(d). *Schoenberger v. Russell*, 290 F.3d 831, 838-39 (6th Cir. 2002). The Magistrate Judge was not persuaded that the state appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or an unreasonable determination of facts, which would justify granting habeas relief. (Doc. 31 at p. 12); *also see, Harris v. Stovall, supra; Williams v. Taylor, supra*.

Petitioner objects to the Magistrate Judge's conclusion because "[t]he state Court of Appeals held that the Petitioner was 'presumed to intend the natural, reasonable and probable consequences of his acts.'" (Doc. 33 at p. 3, citing *State v. Robinson*, 132 Ohio App.3d 830, 836, 290 N.E.2d 921 (1999)). In support of his objection, Petitioner cites *Sandstrom v. Montana*, 442 U.S. 510 (1979), which held that a *jury instruction* that the accused is presumed to intend the consequences of his voluntary acts is unconstitutional, as it permits a conviction "upon less proof than is required by due process to establish guilt beyond a reasonable doubt." (Doc. 33 at p. 3; also see, Doc. 12, Traverse at pp. 9-10). Respondent agrees that such an instruction could preclude the jury from making a proper determination as to whether the requisite intent to commit the crime has been proven beyond a reasonable doubt. However, no such instruction was given to the jury in this case. Petitioner's objection fails to distinguish jury instructions from the deliberation process. The Magistrate Judge distinguished Petitioner's argument from the holding in *Sandstrom*, as follows:

> Contrary to petitioner's contention, *Sandstrom* does not preclude the jury from finding intent to kill where the natural and probable consequence of the accused's act is to produce death. Indeed, *** the Supreme Court itself stated that "men are presumed to intend the natural consequences of their act, and cannot escape punishment for taking life on the claim that they had not intended

5

> or expected that such a consequence would result from what they purposely did." *Pico v. United States*, 228 U.S. 125, 131 (1913). *Sandstrom* did not overrule this holding in *Pico*. Instead, *Sandstrom* prohibits the giving of a jury instruction that a reasonable juror could interpret as conclusively directing the jury to find against the defendant on an element of the crime charged or as shifting the burden of persuasion to the defendant to come forward with evidence in rebuttal to the State's evidence of the crime and additional facts not themselves establishing that element.

(Doc. 31 at p. 13 fn. 3). Due process concerns are not triggered by allowing the jury, upon consideration of all the surrounding circumstances during its deliberation, to presume that a person intends the natural, reasonable and probable consequences of his acts, to wit: whether or not the purposeful intent element of murder was proven beyond a reasonable doubt.

In this case, the state had to show that Robinson specifically intended to cause the death of another. The state appellate court set forth the following pertinent facts, which were indicative of Petitioner's intent:

> The circumstantial evidence provided to the jury was that, within seconds of hearing gunshots and yelling, Jackson attempted to gain entrance to the locked bedroom where Robinson was located. Robinson fired three shots through the door, killing Jackson with one of the bullets. The act of firing three shots through the door, knowing someone was standing on the other side, provided a strong indication that Robinson intended to kill someone. [*See State v. Smith*, 89 Ohio App. 3d 497, 501, 624 N.E.2d 1114, 1116 (1993)]. "Given the close range and caliber of the firearm, a trier of fact could construe the intention to shoot as proof of an intention to kill." [*Id*].
>
> \*     \*     \*
>
> [B]ecause the evidence showed that Robinson's intention to kill was directed toward whoever was on the other side of the door, the doctrine of transferred intent satisfied the element of "purposely." Under this doctrine, "where an individual is attempting to harm one person and as a result accidentally harms another, the intent to harm the first person is transferred to the second person and the individual attempting to harm is held criminally liable as if he both intended to harm and did harm the same person." [*State v. Mullins*, 76 Ohio App. 3d 633, 637, 602 N.E.2d 769, 771. See *State v.*

> *Richey*, 64 Ohio St. 3d 353, 595 N.E.2d 915 (1992)]. Based on the record and the applicable standard of review, we conclude that Robinson's conviction was sustained by sufficient evidence.
>
> Furthermore, Robinson's self-defense claim did not negate the evidence that the state offered as proof of Robinson's intent. Self-defense is an affirmative defense that a defendant claims justifies his conduct and "exempts him from liability even if it is conceded that the facts claimed by the prosecution are true." [*State v. Poole*, 33 Ohio St. 2d 18, 19, 294 N.E.2d 888, 889 (1973)].

(Doc. 9, Exhibit 5 at pp. 9-10). Although Petitioner did not testify at trial, his intent could be deduced from "all the surrounding circumstances, including the instrument used to produce death, its tendency to destroy life if designed for that purpose, and the manner of inflicting a fatal wound." *State v. Robinson*, 161 Ohio St. 213, 118 N.E.2d 517 (1954). Indeed, "a firearm is an inherently dangerous instrumentality, the use of which is reasonably likely to produce death." *State v. Widner*, 69 Ohio St. 2d 267, 270, 431 N.E.2d 1025, 1028 (1982).

Petitioner further argues that the evidence was insufficient to support his conviction because he met his burden of proving by a preponderance of the evidence that he was acting in self-defense. However, the Magistrate Judge correctly points-out that this argument does not allege a cognizable ground for federal habeas corpus relief. (*See*, Doc. 31 at pp. 10-11). A federal habeas court is limited to a determination of whether the State offered sufficient evidence to prove the elements of the crime charged. *Allen v. Redman*, 858 F.2d 1194, 1196-98 (6th Cir. 1988). "[T]he due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Caldwell v. Russell*, 181 F.3d 731, 740 (6th Cir. 1999).

Respondent submits that the Magistrate Judge properly concluded that the state appellate court's decision was neither contrary to nor involved an unreasonable application of the Supreme

Court's clearly established standard in *Jackson* and was based on a reasonable determination of the facts in light of the record evidence.

> B. **The Magistrate Judge properly determined that Petitioner waived his first ground for relief, which alleged the trial court had erred by refusing to instruct the jury to apply the doctrine of transferred intent applied to self-defense, because the claim was not raised as a cognizable federal question in the state courts. (Ground One, with reference to Grounds Three and Four).**

As his first ground for relief, Petitioner claims that he was denied due process of law when the trial court refused to instruct the jury on the defense of "transferred-intent self-defense". (Doc. 1, Petition at p. 8). Petitioner essentially argues that the combined "transferred-intent self-defense" instruction would have permitted the jury to find that he was not legally culpable for the death of the victim. On direct appeal in the state courts, this claim was unsuccessfully asserted as an abuse of discretion, without reference to issues of due process or fundamental fairness. (Doc. 9, Exhibits 4 & 5). The Magistrate Judge properly determined that Petitioner waived the federal question now raised in this habeas petition because it was merely presented as an issue of state-law on direct appeal in the Ohio Court of Appeals.

Grounds three and four challenge the state appellate court's holding that the trial court's self-defense instruction was not warranted. This holding served as the state appellate court's reason for overruling Petitioner's claim on direct appeal that the trial court had erred by denying the defense's request for an instruction on transferred intent. Contrary to the state appellate court's majority decision, the Magistrate Judge concluded that sufficient evidence had been presented to warrant the trial court's decision to instruct the jury on self-defense. (Doc. 31 at pp. 19-24). The Magistrate Judge then turned to a discussion of Petitioner's first ground for relief, finding it was waived by reason of procedural default in the state courts. (Doc. 31 at pp. 24-30).

Petitioner objects on the basis that the Magistrate Judge *sua sponte* afforded the parties an

opportunity to supplement their pleadings by addressing the first ground for relief, both on the merits and with respect to procedural default in the state courts. (*See*, Doc. 16). Abiding by the state appellate court's decision, Respondent's initial argument focused on the third and fourth grounds for relief, for which negative treatment would dispense with the necessity of further consideration of the first ground for relief. (*See*, Doc. 9). Respondent neither expressly nor intentionally waived the procedural default defense with respect to Petitioner's first ground for relief.

The Sixth Circuit has definitively held that the issue of procedural default may be raised *sua sponte* by the Court despite a respondent's failure to raise the defense. *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002), corrected on other grounds on denial of rehearing, 307 F.3d 459 (6th Cir. 2002). In *Lorraine*, the Sixth Circuit acknowledged that it had already held that, in the context of 28 U.S.C. § 2255, the court may *sua sponte* raise procedural default despite the Government's failure to defend on that ground. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000).

Essential to this Court's determination of this objection is whether Petitioner had an adequate opportunity to respond to the procedural default defense. *Lorraine v. Coyle, supra*; *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998). The Fifth Circuit held that the district court did not abuse its discretion in raising a procedural default concern *sua sponte* because the petitioner had an opportunity to respond. *Magouirk v. Phillips*, 144 F.3d at 359. Indeed, Petitioner was afforded an adequate opportunity to respond to Respondent's supplemental argument, by filing another traverse. (*See*, Doc. 25).

On direct appeal, both Petitioner and the state appellate court addressed this claim as an alleged abuse of discretion, without reference to issues of due process or fundamental fairness.

Petitioner's appellate brief relied solely on state cases that did not employ federal constitutional analysis. (Doc. 9, Exhibit 4 at pp. 5-6). Similarly, the Ohio Court of Appeals, being the only state court to render a reasoned decision on this claim, strictly addressed it in terms of state law. (Doc. 9, Exhibit 5 at pp. 4-8, 11-20). Even the dissenting opinion, upon which Petitioner relies, treated this issue as a state law claim stating:

> Our duty is to determine whether the evidence is such that an instruction on transferred-intent self-defense was pertinent, legally correct, and not covered by any other instruction. If we answer any of these in the negative, we review the trial court's refusal to give the requested instruction under ***an abuse of discretion standard***. [Emphasis added].

(Doc. 9, Exhibit 5 at p. 12). Clearly, a federal question was neither asserted nor addressed on direct appeal in the state courts. In a superficial effort to present this claim as a federal question, Petitioner's federal habeas petition now makes passing reference to due process. Indeed, federal habeas corpus is available only to correct wrongs of constitutional dimension. 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Barclay v. Florida*, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983).

In order to satisfy the "fair presentation" requirement, a habeas Petitioner must present both the factual and legal underpinnings of his claims to the state courts as federal questions. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987) (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)); *see also, Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). Petitioner's first ground for relief was not likely to alert the state courts to the claim's federal nature. *See, Nadworny v. Fair*, 872 F.2d 1093, 1097 (1st Cir. 1989).

Respondent submits that the Magistrate Judge properly concluded that Petitioner's first ground for relief is waived by reason of procedural default in the state courts, barring further consideration of this claim, and should therefore be dismissed with prejudice.

## CONCLUSION

In view of the foregoing law and argument, as well as the argument previously set forth in Respondent's answer and return of writ (Doc. 9), supplemental answer and return of writ (Doc. 21), and response to motion for reconsideration (Doc. 28), Respondent respectfully submits that the Magistrate Judge's recommendation to deny habeas relief, for the various grounds presented in the instant petition, is well reasoned and should be adopted as the final Order of this Honorable Court. Additionally, Respondent submits that a certificate of appealability should not issue.

Respectfully submitted,

JIM PETRO (0022096)
Ohio Attorney General

s/ BRUCE D. HORRIGAN
Bruce D. Horrigan (0047170)
Assistant Attorney General
Corrections Litigation Section
615 West Superior Avenue, 11th Floor
Cleveland, Ohio 44113-1899
(216) 787-3030
(216) 787-3480 Fax
bhorrigan@ag.state.oh.us

Counsel for Respondent
James Haviland, Warden

11

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Response to Objections to Report and Recommendation of Magistrate Judge* was filed electronically and a copy was forwarded to counsel for Petitioner Bernard F. Wong, Esq. at 1200 American Building, 30 East Central Parkway, Cincinnati, Ohio 45202, by U.S. mail, postage pre-paid this 24th day of September, 2003.

                                              s/ BRUCE D. HORRIGAN
                                              Bruce D. Horrigan
                                              Assistant Attorney General