**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

DEC 0 7 2005

No. 03-4407

**LEONARD GREEN, Clerk**

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # *00-918*

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANGELO ROBINSON,                    )
                                    )
    Petitioner-Appellant,           )
                                    )    *1:00 cv 918*
v.                                  )
                                    )    ON APPEAL FROM THE UNITED
                                    )    STATES DISTRICT COURT FOR
JAMES HAVILAND,                     )    THE SOUTHERN DISTRICT OF
                                    )    OHIO
    Respondent-Appellee.            )

O R D E R

05 DEC -8 PM 2:50
FILED JAMES BONINI CLERK

Before:  DAUGHTREY, GILMAN, and SUTTON, Circuit Judges.

    Angelo Robinson, an Ohio prisoner represented by counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.  The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    In 1997, a jury convicted Robinson of murder, possession of crack cocaine, and three firearm specifications.  The court sentenced him to fifteen years to life imprisonment for murder and a consecutive ten-year term of imprisonment for the possession offense, plus a consecutive three-year term of imprisonment for the firearm specifications attached to the murder conviction and a one-year term of imprisonment for the firearm specification attached to the possession offense.  The court of

appeals affirmed Robinson's convictions and sentence. *State v. Robinson*, 726 N.E.2d 581 (1999).

(Att. 3). The Ohio Supreme Court declined to exercise jurisdiction over Robinson's appeal.

In October 2000, Robinson filed his § 2254 petition for a writ of habeas corpus, essentially

asserting the following grounds for relief: 1) the trial court improperly denied Robinson's request

for an instruction on a transferred-intent self-defense in violation of his due process rights; 2) the

Ohio Court of Appeals erred when it affirmed his convictions and sentence because there was

insufficient evidence to support his convictions; 3) the Ohio Court of Appeals erred when it affirmed

his convictions and sentence because a defendant who claims self-defense should not be required

to demonstrate that he was not involved in any criminal enterprise in order to be entitled to a self-

defense jury instruction; and 4) the Ohio Court of Appeals erred when it affirmed his convictions

and sentence because the facts at trial were sufficient to establish that Robinson had a reasonable

belief that he was in imminent danger. Upon review, a magistrate judge recommended that the

district court deny Robinson habeas corpus relief because there was sufficient evidence to support

Robinson's convictions and because Robinson had "procedurally defaulted" his first claim by not

fairly presenting it to the Ohio Court of Appeals as a federal question. The magistrate judge

concluded that, even though claims three and four were meritorious, Robinson was not entitled to

relief because the self-defense issue was submitted to the jury. Over Robinson's objections, the

district court adopted the magistrate judge's report and dismissed the petition. The district court

granted Robinson a certificate of appealability as to grounds one, three, and four.

On appeal, Robinson argues that the district court erred by sua sponte raising the "procedural

default" defense, and that his claims were not procedurally defaulted. Robinson's counsel has filed

a motion for continued representation.

Upon review, we affirm the district court's dismissal of Robinson's habeas petition for

reasons different, in part, from those stated by the district court. *See Russ' Kwik Car Wash, Inc. v.

Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir. 1985). This is so because the district court

improperly characterized Robinson's "failure to present" his claim in the Ohio Court of Appeals as

a procedural default. Generally, we review de novo a district court judgment dismissing a habeas corpus petition. *Griffin v. Rogers*, 308 F.3d 647, 650-51 (6th Cir. 2002).

Ordinarily, state prisoners must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all their claims to the state courts. 28 U.S.C. § 2254(b), (c); *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). A petitioner has "fairly presented" his claim, *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), to the state courts "by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion rule requires dismissal of petitions only when the prisoner still has a remedy available to him to pursue in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (citing *Engle v. Isaac*, 456 U.S. 107, 125, n.28 (1982)). If a prisoner fails to present his claims to a state court and he is now barred from pursuing relief in the state courts, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). Nevertheless, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Gray*, 518 U.S. at 162.

Here, the record reflects that Robinson did not fairly present his first claim in the Ohio courts. Rather, he presented the claim in the Ohio Court of Appeals only as a state-law question. Although Robinson presented the claim in federal constitutional terms in a Memorandum of Jurisdiction in the Ohio Supreme Court, presentation of the claim in the Supreme Court in the first instance does not constitute fair presentation. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Moreover, it does not appear that Robinson may return to the state courts to present the claim in a post-conviction petition because he cannot file a timely post-conviction petition. *See* Ohio Rev. Code § 2953.23(A). Further, Robinson has not established cause to excuse his failure to fairly present his first claim to the Ohio Court of Appeals, and any claim of ineffective assistance of appellate counsel that Robinson might have has been procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446,

451-52 (2000). Moreover, the miscarriage of justice exception is not applicable in this case, because Robinson has submitted no new, reliable evidence of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995).

Furthermore, we note that, contrary to Robinson's argument, this court has affirmed the sua sponte dismissal of petitions under § 2254 and § 2255 due to procedural default. *See Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002) (§ 2254 case); *Elzy v. United States*, 205 F.3d 882, 886-87 (6th Cir. 2000) (§ 2255 case). This court may also consider the issue of exhaustion sua sponte. *Clinkscale v. Carter*, 375 F.3d 430, 436-37 (6th Cir. 2004).

Finally, we conclude that Robinson has abandoned his claims numbered 3 and 4, in which he challenges the conclusion of the Ohio Court of Appeals that the trial court did not err when it declined to instruct the jury on a transferred-intent self-defense. Although he mentions the issue in passing in his statement of facts, he does not present any support for the claims. Arguments that are not specifically raised on appeal are considered abandoned and not reviewable, *see Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998), and issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

Accordingly, we grant the motion for the continued representation and affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

*Leonard Green*

Clerk